UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUARTER HOLDINGS, L.L.C., et al.<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, et. al. | CIVIL ACTION NO. 2:23-cv-02064-NJB-JVM<br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO OPT OUT OF CASE MANAGEMENT ORDER

NOW INTO COURT, come Defendants, Westchester Surplus Lines Insurance Company, Homeland Insurance Company of New York, StarStone Specialty Insurance Company, and Everest Indemnity Insurance Company (collectively, the "Defendants"), and respectfully submit this memorandum in support of their motion to opt out of the Court's October 25, 2022 Case Management Order regarding Hurricane Ida claims (the "Case Management Order" or "CMO"), including the Streamlined Settlement Process [R. Doc 4]. For the following reasons, good cause exists to allow Defendants to opt out of the Case Management Order.

I.    BACKGROUND

In the Complaint, Plaintiffs, Quarter Holdings, L.L.C., Magnolia Enterprises, Inc., Willie's Canal, L.L.C., Willie's 707 Canal, L.L.C., Royal Street Investments, L.L.C., TKM Properties, L.L.C., Diamond Bourbon, Inc., 301 Properties LLC, Apasra Properties LLC, TKM-823 Decatur, L.L.C., 227 Bourbon Street, L.L.C., M&M Family Holdings, L.L.C., 823 Decatur, LLC, 613 Decatur Street, LLC, LR1LR, LLC, O'Reilly Properties, L.L.C., Latval Investments, L.L.C., and Frenchmen Decatur, LLC (collectively, the "Plaintiffs"), allege that Hurricane Ida caused certain damages and resulting losses involving approximately forty commercial properties in New Orleans. [R. Doc. 1]. The Complaint seeks recovery of damages from the Defendants, which each

provided certain insurance coverage for these forty separate loss locations, based upon allegations of breach of contract and bad faith breach of contract in violation of the Louisiana statutes governing an insurer's duties to its insured, Louisiana Revised Statutes § 22:1973 and § 22:1893. [R. Doc. 1 at ¶¶ 68-72].  As set forth below, because of (a) the forty-location, complex nature of these insurance claims involving eighteen different plaintiffs; and (b) the parties' pre-litigation attempts at settlement though mediation and otherwise, Defendants respectfully suggest that this lawsuit and its potential resolution would not be advanced by having discovery restricted and this matter again set for mediation. Accordingly, Defendants respectfully request that the Court allow it to opt out of the Case Management Order ("CMO"), including the Streamlined Settlement Process.

## II.  ARGUMENT

### A.  Legal Standard

On October 25, 2022, this Court adopted a Case Management Order ("CMO") governing discovery in first-party insurance claims "to eliminate increased difficulties to the parties involved [and] to bring as much of this litigation to resolution as expeditiously and justly as possible."  With that goal in mind, however, this Court also recognized that there would be litigation in which the CMO did not advance these aims.  As such, the CMO provides that "[i]f any party believes that there is good cause to be excused from any provision of the Disaster Protocols, in whole or in part, that party may raise the issue with the presiding Magistrate Judge."  Here, good cause exists, and this Court should allow the parties to opt-out of the CMO and its provisions for the Streamlined Settlement Process.

### B.  The Court Should Allow Defendants to Opt Out of the Case Management Order

While the Court's CMO is designed to bring the majority of first-party insurance claims

2

relating to damages caused by Hurricane Ida to expedient and efficient resolution, its application under these circumstances is unduly restrictive on the parties' ability to conduct written and deposition discovery, and good cause exists to allow the parties to opt out of the CMO at this time.

This claim by eighteen different (but interrelated) Plaintiffs involves approximately forty scheduled locations that allegedly sustained damage due to Hurricane Ida.  Prior to this lawsuit being filed, inspections of the forty locations were conducted, and the Plaintiffs and Defendants have exchanged detailed repair estimates for each of the forty locations.  However, from the Defendants' perspective, many of the forty locations present unique and varying issues related to pre-existing damage; the extent of business income loss; potential vacancy issues which impact coverage; recoverable depreciation; whether the building is being repaired to its pre-loss condition or is otherwise being modified; permit and fee demands; and other significant coverage limitation issues.  These issues were not able to be fully investigated and addressed by the Defendants in the pre-litigation stage and still would not be if this lawsuit were to be governed by the CMO.

Further, one of the aims of the CMO through the Streamlined Settlement Process – expedient and efficient resolution – has already been attempted by the parties. The parties previously participated in pre-litigation mediation on May 11, 2023, with mediator John Perry. Despite the parties' best efforts both at the mediation and in the months that followed, the parties were not able to amicably resolve these claims.  Were this matter to be grouped with the other non-complex, first-party cases subject to the CMO, the parties would be limited to exchanging information through the Disaster Protocols for Initial Disclosures (including exchanging documents, many of which have already been exchanged) and then the matter would be set for another mediation.  As a result, the Defendants' knowledge of the eighteen separate Plaintiffs' losses at the forty separate loss locations would essentially be the same as it was at the time of the unsuccessful, pre-litigation mediation held in May of 2023.  Stated otherwise, being restricted by

3

the CMO will not further the Defendants' ability to fully understand the Plaintiffs' claims in order to pursue an amicable resolution.  It would only delay a potential resolution, since the parties *already* possess the same level of understanding of their competing positions that they would have if they were to participate in the discovery-restricted Streamlined Settlement Process. More detailed discovery is required in order for the Defendants to gain a full understanding of these forty insurance claims and of the eighteen separate entities presenting them.

## III.    CONCLUSION

Because of the forty location, complex nature of these insurance claims involving eighteen different plaintiffs, as well as  the parties' pre-litigation attempts at settlement through mediation and otherwise, Defendants respectfully request this Court grant this Motion to Opt Out of the Case Management Order.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Virginia P. Stewart*
            Mark C. Dodart (Bar #17549)
            Virginia P. Stewart (Bar #40062)
            Canal Place | 365 Canal Street, Suite 2000
            New Orleans, Louisiana 70130
            Telephone: 504 566 1311
            Facsimile: 504 568 9130
            Email:  mark.dodart@phelps.com
                        virginia.stewart@phelps.com

**ATTORNEYS FOR DEFENDANTS, WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND HOMELAND INSURANCE COMPANY OF NEW YORK**

and

Respectfully submitted,

**MUSGRAVE, MCLACHLAN, & PENN, L.L.C.**

BY:  */s/ Ethan N. Penn*
      Ethan N. Penn, Bar No.24596
      Lindsey M. Devereux, Bar No. 36433
      1555 Poydras St., Suite 2380
      New Orleans, LA 70112
      Telephone: (504) 799-4300
      Facsimile: (504) 799-4301
      Email: enp@mmpfirm.com
           lmd@mmpfirm.com

**ATTORNEYS FOR DEFENDANT, STARSTONE SPECIALTY INSURANCE COMPANY**

    and

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

BY:  */s/ Bruce R. Hoefer*
      BRUCE R. HOEFER, JR. (#6889)
      Email: brh@ahhelaw.com
      D. RUSSELL HOLWADEL (#16975)
      Email: drh@ahhelaw.com
      PHILLIP J. REW (#25843)
      Email: pjr@ahhelaw.com
      HEATHER E. REZNIK (#29175)
      Email: her@ahhelaw.com
      KYLE M. TRUXILLO (#38920)
      Email: kmt@ahhelaw.com
      RICHARD R. STEDMAN, II (#29435)
      Email: rrs@ahhelaw.com
      400 Poydras Street, Suite 2450
      New Orleans, Louisiana 70130
      Telephone: (504) 581-2606
      Facsimile: (504) 525-1488

**ATTORNEYS FOR DEFENDANT, EVEREST INDEMNITY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 29th day of August, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record.

*/s/ Virginia P. Stewart*
Virginia P. Stewart

PD.42907173.2