UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUARTER HOLDINGS, L.L.C., et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2064** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY, et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is an Objection to a Magistrate Judge's Order filed by Plaintiffs Quarter Holdings, L.L.C., Magnolia Enterprises, Inc., Willie's Canal, L.L.C., Willie's 707 Canal, L.L.C., Royal Street Investments, L.L.C., TKM Properties, L.L.C., Diamond Bourbon, Inc., 301 Properties LLC, Apasra Properties LLC, TKM-823 Decatur, L.L.C., 227 Bourbon Street, L.L.C., M&M Family Holdings, L.L.C., 823 Decatur, LLC, 613 Decatur Street, LLC, LR1LR, LLC, O'Reilly Properties, L.L.C., Latval Investments, L.L.C., and Frenchmen Decatur, LLC (collectively, "Plaintiffs").[1] Plaintiffs object to and seek review of the Magistrate Judge's September 14, 2023 Order granting Defendants motion to opt-out of the streamlined settlement program.[2] Defendants Westchester Surplus Lines Insurance Company, StarStone Specialty Ins. Co., Everest Indemnity Insurance Company, and Homeland Insurance Company of New York (collectively, "Defendants") oppose the motion.[3] Having considered the motion, the

---

[1] Rec. Doc. 31.

[2] *See* Rec. Doc. 30.

[3] Rec. Doc. 32.

1

memorandum in support and in opposition, the record, and the applicable law, the Court overrules the objection and affirms the Magistrate Judge's September 14, 2023 Order.

## I. Background

### A. *Factual Background*

According to the Complaint, Plaintiffs contracted with Defendants to insure 57 businesses in New Orleans, Louisiana.[4] Plaintiffs allege that the insurance policies were in full force and effect when Hurricane Ida struck New Orleans on August 29, 2021.[5] Plaintiffs contend that Hurricane Ida caused extensive damage to approximately forty of their commercial properties, and they provided timely and proper notice to Defendants of their claims.[6] Plaintiffs allege that Defendants breached the insurance policies by failing to pay all benefits owed to Plaintiffs.[7] Plaintiffs also claim that they are entitled to statutory penalties for Defendants' breach of their duty of good faith and fair dealing.[8]

### B. *Procedural Background*

Plaintiffs filed a Complaint against Defendants in this Court on June 14, 2023.[9] Before this case was filed, the Eastern District of Louisiana issued a Case Management Order (the "CMO") adopting a Streamlined Settlement Program ("SSP") for all Hurricane Ida claims.[10] Under the terms of the CMO, "[i]t shall be presumed that the litigants in Hurricane Ida cases will

---

[4] Rec. Doc. 1 at 6–8.

[5] *Id*. at 8.

[6] *Id*. at 9.

[7] *Id*. at 13.

[8] *Id*.

[9] Rec. Doc. 1.

[10] *See* Rec. Doc. 4 (Amended Case Management Order dated October 25, 2022).

be subject to the SSP described in this CMO. Within 15 days of the filing of the defendant's responsive pleading . . . either party may petition the presiding Magistrate Judge to opt out of the SSP. . . ."[11] "If a party shows good cause and is permitted to opt out, the case will then be promptly scheduled for a Federal Rule of Civil Procedure 16 conference and a specific case-management order shall be issued."[12]

On August 14, 2023, Defendants answered the Complaint.[13] The same day, Defendants also filed a Motion to Opt-Out of the SSP.[14] Defendants argued that good cause existed to opt-out of the SSP because: (1) this is a complex case involving 40 locations and 18 different but interrelated Plaintiffs; (2) the SSP will unduly restrict the parties' ability to conduct written and deposition discovery; and (3) the parties engaged in pre-litigation mediation.[15] Plaintiffs opposed the motion and argued that the CMO will encourage resolution and ensure an up-to-date, joint exchange of information.[16] Plaintiffs further argued that Defendants will not suffer any prejudice from allowing the SSP process to play out.[17] Defendants then filed a reply brief in further support of the motion, stating that they would still produce the documents and information required by the SSP even if allowed to opt-out.[18]

---

[11] *Id.* at 5.

[12] *Id.*

[13] Rec. Docs. 18, 19, 21.

[14] Rec. Doc. 25.

[15] Rec. Doc. 25-1.

[16] Rec. Doc. 26.

[17] *Id.*

[18] Rec. Doc. 29.

C.     *Magistrate Judge's Decision*

On September 14, 2023, the Magistrate Judge granted Defendants' Motion to Opt-Out of the SSP.[19] The Magistrate Judge pointed out that there are numerous areas where additional discovery outside of that contemplated by the SSP will be required, such as business losses, recoverable depreciation, vacancy issues, and building modification issues.[20] The Magistrate Judge found that mediation before such discovery can be conducted is unlikely to be fruitful.[21] Moreover, the Magistrate Judge noted that there are over 40 property locations at issue, making this case more complex than the typical case participating in the SSP.[22] Therefore, the Magistrate Judge found that Defendants established good cause to opt out of the SSP.[23]

Plaintiffs then filed the instant objection the Magistrate Judge's Order.[24] On September 26, 2023, Defendant opposed Plaintiffs' objection.[25]

## II. Parties' Arguments

A.     *Plaintiffs' Arguments in Support of the Objection*

Plaintiffs move the Court to reverse the Magistrate Judge's September 14, 2023 Order and allow this case to remain in the SSP.[26] Plaintiffs argue that Defendants' unsupported representation that this case involves complex discovery did not demonstrate good cause for

---

[19] Rec. Doc. 30.

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.* at 2–3.

[23] *Id.* at 3.

[24] Rec. Doc. 31.

[25] Rec. Doc. 32.

[26] Rec. Doc. 31-1.

4

opting out of the SSP.[27] Plaintiffs cite *Patterson v. Allied Trust Insurance Company*, where another presiding Magistrate Judge noted that the defendants "ha[d] not cited, nor ha[d] th[e] Court located, any cases in support of its position that a desire to conduct more thorough discovery constitutes good cause to deviate from the Court's SSP . . . ."[28] Plaintiffs state that they are willing to informally address several of Defendants discovery concerns such as "vacancy issues" and "recoverable depreciation."[29]

Similarly, Plaintiffs assert that the mere fact that parties engaged in pre-suit settlement discussions or mediation is not a basis for good cause to opt out of the SSP.[30] Plaintiffs posit that allowing such an argument would "encourage all parties to engage in faux pre-suit mediation efforts, and then represent to the Court that now because they made an effort to mediate, they should be allowed to automatically exit the CMO and SSP processes and obtain a trial date and discovery cut-offs."[31]

### B. *Defendants' Arguments in Opposition of the Objection*

Defendants argue that the Magistrate Judge correctly found that Defendants established good cause to opt out of the SSP, because additional discovery under the present circumstances is warranted.[32] Additionally, because this case is more complex than typical case participating in the SSP, Defendants submit that the Magistrate Judge's Order granting of the Defendants' motion

---

[27] *Id.* at 5.

[28] *Id.* (citing *Patterson v. Allied Trust Insurance Company*, 2023 WL 4486202 (E.D. La. 2023)).

[29] *Id.* at 6.

[30] *Id.*

[31] Rec. Doc. 32 at 1.

[32] *Id.*

to opt out should not be disturbed.[33]

### III. Legal Standard

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[34] When objections are raised to non-dispositive pretrial matters, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[35] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[36]

### IV. Analysis

This Court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery"[37] and "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[38] To that end, this Court adopted the CMO and SSP processes for first-party insurance claims from Hurricane Ida to "eliminate increased difficulties to the parties involved [and] to bring as much of this litigation to resolution as expeditiously and justly as possible."[39] To accomplish this objective, the default procedure is for all parties to participate in all aspects of the CMO and SSP. However, "[i]f a party shows good cause and is permitted to opt out, the case will then be promptly scheduled for

---

[33] *Id.* at 1–2.

[34] 28 U.S.C. § 636(b)(1)(A).

[35] Fed. R. Civ. P. 72(a).

[36] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[37] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[38] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[39] Rec. Doc. 4 at 1–2.

a Federal Rule of Civil Procedure 16 conference and a specific case-management order shall be issued."[40] The CMO does not define good cause, but the term generally refers to "a legally sufficient reason for a ruling or other action by a judge."[41]

Plaintiffs have not shown that the Magistrate Judge clearly erred in finding that Defendants established good cause to opt out of the SSP. Plaintiffs cite *Patterson v. Allied Trust Insurance Company*, where another presiding Magistrate Judge noted that the defendant "ha[d] not cited, nor ha[d] th[e] Court located, any cases in support of its position that a desire to conduct more thorough discovery constitutes good cause to deviate from the Court's SSP . . . ."[42] However, *Patterson* is factually distinguishable from the instant case, as it involved two homeowners' claim for damage to a single residential property.[43] There, the additional discovery sought involved the plaintiffs' allegation that they were entitled to amounts over and above prior payments made to them in the adjustment and appraisal process.[44]

This case involves claims by 18 different but interrelated Plaintiffs for damage to approximately 40 commercial properties. The additional discovery will address more complex topics such as "business losses, recoverable depreciation, vacancy issues, and building modification issues."[45] This additional discovery is needed for the parties to fully assess the value of this case. The Court agrees with the Magistrate Judge's finding that mediation before such

---

[40] Rec. Doc. 4 at 5.

[41] *See* https://dictionary.law.com.

[42] *Patterson*, 2023 WL 4486202 at *1.

[43] *See Patterson*, Case No. 23-1162 (Rec. Doc. 1).

[44] *See* Rec. Doc. 30.

[45] *See Patterson*, 2023 WL 4486202 at *1.

discovery can be conducted is unlikely to be fruitful. Accordingly, Plaintiffs have not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law.

## V. Conclusion

Based on the foregoing, the Court overrules the objection and affirms the Magistrate Judge's September 14, 2023 Order because Plaintiffs have not shown that the Order was clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objection to a Magistrate Judge's Order[46] is **OVERRULED** and the Magistrate Judge's September 14, 2023 Order[47] is **AFFIRMED**.

**NEW ORLEANS, LOUISIANA,** this __2nd__ day of November, 2023.

                                                        **NANNETTE JOLIVETTE BROWN**
                                                        **CHIEF JUDGE**
                                                        **UNITED STATES DISTRICT COURT**

---

[46] Rec. Doc. 31.

[47] Rec. Doc. 30.